IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN A. BOSWELL | § | |
| v. | § | CIVIL ACTION NO. 6:22cv415 |
| CRAIG LYNN BASS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Boswell, an inmate of the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is Plaintiff 's defense counsel Craig Bass.

**I. The Plaintiff's Complaint**

In his complaint, Plaintiff asserts that other inmates sexually harassed him while he was confined in the Gregg County Jail, but Bass failed to report this to Judge Scott Novy. He states that Bass recorded several Zoom conference calls with Plaintiff without Plaintiff's consent and that Bass rendered ineffective assistance by violating the terms of a four-year plea agreement. He complains that he was never told in court that he was going to the penitentiary, but when he returned to the jail, the security staff told him that he was. Plaintiff also says that he was supposed to go to a rehabilitation center in Longview called House of Disciples, but when he went to court, he learned that he could not go because he has a fugitive warrant in Louisiana. However, he says that he did not say anything bad about Bass in court because he believes that Bass knows the members of the Parole Board and would make sure that Plaintiff does not get parole. For relief, Plaintiff asks for a retrial and $20,000 in damages.

**II. Discussion**

    <u>A. General Screening Standards</u>

    28 U.S.C. §1915A requires as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

    The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-7, 109 S.Ct. 1827, 194 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

    <u>B. Application of the Standards to the Facts</u>

    The Fifth Circuit has held that for liability to exist under the Civil Rights Act, 42 U.S.C. 1983, there must be action by the defendant under color of state law. *Hagerty v. Succession of Clement*, 749 F.2d 217, 221 (5th Cir. 1984). Attorneys, in the course of representing defendants, do not act under color of state law within the meaning of §1983. Thus, even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of 42 U.S.C. §1983. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). As a result, defense attorneys such as Bass are not amenable to suit under §1983. *See also Gaitan v. Saenz*, slip op. no. 21-40042, 2022 U.S. App. LEXIS 15523, 2022 WL 1981047 (5th Cir., June 6, 2022)

(affirming dismissal with prejudice of civil rights suit against defense counsel because counsel "is not a state actor and therefore cannot be subject to a §1983 suit.")

Even if Bass had been appointed by the court to represent Plaintiff, he still would not be a state actor for purposes of §1983. *Ellison v. De La Rosa*, 685 F.2d 959, 961 (5th Cir. 1982). Because Plaintiff has not shown that the sole defendant in his lawsuit acted under color of state law, his claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 31st day of October, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE